## J. B. Davoue *against* Fanning.

Though one legatee may sue alone for his specific legacy, yet where he claims, also, as a *residuary legatee,* all the *residuary legatees* must be made parties to the suit.

A decree cannot be impeached by an original bill, except on the ground of fraud.

Though a decree in a former suit, to which the plaintiff and defendant were parties, cannot be pleaded in bar, until it is signed and en- rolled, it may be insisted on by way of answer. And when the decree in the former suit appears on the face of the bill, the defendant may demur.

Where a bill is taken *pro confesso,* against a defendant, who is absent from the state, he may, under the statute, come in, after the decree, and answer and defend the suit. He cannot institute a new suit, while the decree in the former suit remains in force.

If a bill blends together a demand by the plaintiff, as legatee, against the defendant, as executor, with a demand of the plaintiff, in his private capacity, against the defendant, in his individual character, it is good cause of demurrer, and the bill will be dismissed with costs.

THE bill, filed *July* 27th, 1819, stated, that *Frederick Davoue,* the father of the plaintiff, being seized of real and personal estate, on the 7th of *February,* 1809, made his will, by which, among other bequests, he bequeathed to the plaintiff a legacy of 5,500 dollars, payable to him, when he came of full age. The testator, also, bequeated to the plaintiff

*Dec.* 16th.

an equal portion with his other children, of the residue of his estate, after the payment of debts and specific legacies; and made the defendant, and two other persons, his executors. The testator died, *June* 4, 1809, leaving six children, viz. *Frederick*, *Ann*, the wife of the defendant, *John B.* the plaintiff, *James B.*, since deceased, *Mary E.* and *Harriet*, the two last being minors. The defendant alone qualified, and was the sole acting executor; and took possession of all the estate; the personal estate, amounting to 19,000 dollars, and the real estate to 22,000 dollars. The bill further stated that the defendant had paid a part only of the legacy to the plaintiff, and refused to pay the balance. That the estate of the testator was sufficient to pay all the debts and legacies, and educate and support the infant children. That the accounts rendered to the plaintiff were incorrect and unjust; particularly a charge of 2,128 dollars, and eight cents, commissions, for receiving and paying the monies of the estate, and 352 dollars, and 36 dollars for interest. That the defendant had expended large sums in useless litigation, and in alterations of buildings on the estate. That in a suit in this court, in which the wife of the defendant and *Frederick D.* one of the legatees, were plaintiffs, and the defendant, the plaintiff, and the two infant legatees, were defendants, (the plaintiff then being absent from the state, ~~and did~~ not ~~hear~~ of the suit until the bill was taken *pro confesso*, against the defendant, and a decree entered,) ~~the plaintiff~~ had no opportunity to dispute it; and by the decree in that cause, a large real estate was ordered to be sold, and was advertised for sale on the 27th of *July*, then next. That in his accounts the defendant had charged 2,000 dollars, paid to the plaintiff, in part of his legacy, which was not true; it being an order drawn by the plaintiff, on the defendant, on account of a farm in *West Chester*, fraudulently sold to the plaintiff by him, and to which the defendant had no title, and the plaintiff was evicted. That, in 1814, the defendant being in prison, employed the plaintiff to do business for him,

and promised to compensate him; that for one service the plaintiff received 100 dollars, and for another 500 dollars, &c. That there is a balance due to the plaintiff, on account of his legacy, of 3,000 dollars. That the defendant is insolvent, and if permitted to have the control of the estate, it would be wasted. *Prayer*, that the accounts of the defendant may be re-examined, and the plaintiff be permitted to contest them; and that the Master's Report thereon be corrected, if erroneous; and that the rents and profits, and the proceeds of the sale of the estate, if made, be paid into Court; and that the sale of the farm in *West Chester*, to the plaintiff, be annulled, on the ground of fraud, &c.

The defendant *demurred* specially to the bill, and assigned for causes: 1. That the other children of the testator, some of whom were legatees, and all the residuary legatees, ought to have been made parties :

2. That the plaintiff being a party to the suit, stated in the bill, and a decree taken against him, *pro confesso*, was entitled to examine and contest the accounts, and still is entitled to come in and answer, and contest the accounts, and the administration of the defendant, in that suit; and that if this suit proceeds, the defendant will be liable to answer again concerning the same matters, which are comprehended, and ought to be determined in the former suit.

3. That several distinct matters having no relation to each other, viz : the claims of the plaintiff, as legatee, against the defendant, as executor, and the claims of the plaintiff for services rendered to the defendant, individually, &c. are blended together; by mingling of which separate matters in the same bill, the proceedings would be intricate and prolix, and the plaintiff be obliged to answer, &c. to separate and distinct matters.

4. That the claims of the plaintiff, for services rendered to the defendant, and for moneys expended to his use, in his private capacity, are matters properly cognizable and triable at law.

DAVOUE
v.
FANNING.

*J. Radcliff*, for the defendant, in support of the de-murrer.

*J. Rodman,* for the plaintiff.

THE CHANCELLOR. The defendant has demurred spe-cially to the bill, and assigned in the demurrer several rea-sons in support of it. The objections all appear upon the face of the bill, and are, therefore, proper subjects for a demurrer.

1. The first objection is to a want of parties. The plain-tiff claims from the defendant, as executor to the will of *Frederick Davoue*, deceased, a specific legacy, and he claims as a residuary legatee, and names several persons as being residuary legatees with him. It is a clear point, that they ought to have been made parties to the suit. It was considered in the case of *Brown* v. *Ricketts*, (3 *Johns. Ch. Rep.* 555.) as a settled rule, that though one legatee might sue alone for his specific legacy, without making the other legatees parties, yet where he claims as one of the *residuary legatees*, they must all be parties. This demurrer is, there-fore, well alleged.

2. Another, and a more fatal objection to the bill is, that it seeks to be relieved against a former decree of this Court, in which the plaintiff, together with the defendant, and the other legatees, were parties. The bill, as to the plaintiff, was taken *pro confesso*, he being absent from the state, but he is entitled (and so it is admitted in the demurrer) to come in and defend that suit, and to open the accounts. The statute (1 *N. R. L.* 486. sess. 36. c. 95. s. 9.) provides for his case. His remedy is by coming in to defend, under the provision of the statute, and not by instituting a new suit, while the decree in the former suit is left in full force. It must be intended, for the present, that the decree was duly taken against him by default, and was correctly rendered. A decree cannot be impeached by an original bill, except

on the ground of fraud, and no such allegation is made in the bill. So long as the former decree remains undisturbed, it is a bar to this suit. It cannot be pleaded in bar, until it is signed and enrolled, but it might be insisted on by way of answer; (*Anon.* 3 *Atk.* 809. *Kinsey* v. *Kinsey,* 2 *Ves.* 577.) and when the decree in the former suit appears on the face of the bill, the defendant may demur. (*Redesd. Tr.* p. 196.)

It would be most disorderly, and lead to great confusion and endless litigation, if a new and original bill between the same parties, and concerning the same matters, could be sustained, while the former decree remained untouched. The decisions of the Court have clearly and wisely established a different rule.

As early as the case of *Read* v. *Hambey,* (1 *Ch. Cas.* 44. 2 *Freem. Rep.* 179. S. C.) a demurrer to an original bill was allowed, because it sought to alter or change a former decree, and this was considered as a dangerous and irregular proceeding. Lord *Talbot,* afterwards, in *Taylor* v. *Sharp,* (3 *P. Wms.* 371.) held it to be an established rule of the Court, that a party could not obtain relief against a decree by original bill, " for that the decrees of the Court would be opposite, and contrary, one to the other, which would breed the utmost confusion." The same principle, in nearly the same words, was, also, declared by the counsel for the defendant, on appeal to the House of Lords, in the case of the *Earl of Peterborough* v. *Germaine,* (1 *Bro. P. C.* 281.) and the doctrine was sanctioned by the Court. The same rule is, also, laid down by Lord *Hardwicke,* in the case of *Shepherd* v. *Titley.* (2 *Atk.* 348.) We have, also, the cases of *Granville* v. *Commoners of Epworth,* (*Bunb.* 56.) and of *Wortley* v. *Birkhead,* (2 *Ves.* 571. 3 *Atk.* 809. S. C.) in which a demurrer to the bill was sustained for the same cause. The language in the latter case was, that such a bill could not be brought to impeach a former decree, but for fraud in obtaining it. That the opi-

1819.

DAVOUE
v.
FANNING.

nion of the Court, in one decree, could not be varied by an original bill, but the party must first get rid of the decree by a rehearing, or a bill of review, or a supplemental bill, in the nature of one, or by appeal, or upon special application to the Court. That as the party might have reached the equity of his case under the former decree, he cannot attain it by a new bill.

The same doctrine has been already recognised by this Court in an analogous case. (*Gelston* v. *Codwise*, 1 *Johns. Ch. Rep.* 195.)

3. A third reason for the demurrer is, also, well founded. The bill blends together a demand of the plaintiff, as legatee, against the defendant, as executor, and also a demand of the plaintiff in his private character, against the defendant in his private character, being for work bestowed, and money expended, to and for the use of the defendant. A demurrer will lie for such multifariousness of matter which requires totally distinct examinations and accounts. In the case of *The Attorney General* v. *Corporation of Carmathon*, (*Cooper's Eq. Rep.* 30.) an information was filed for misapplication of some property, held for purposes of public utility, and of other property held in trust for private charity, and a demurrer to the bill for multifariousness was allowed. In the downright language of Lord *Eldon*, on that occasion, "the two things don't hang properly together." The principle of that decision is clearly and perfectly applicable to this case.

The bill must, therefore, be dismissed with costs.

Decree accordingly.