1821.

GREGORY
v.
REEVE.

---

GREGORY and WITHERS, *Overseers of the Poor* of the town of *Sand Lake*,

*against*

REEVE and HULL, *Overseers of the Poor* of the town of *Berlin*.

On a bill filed by the overseers of the poor of the town of *S.* against the overseers of the poor of the town of *B.*, for relief, on the ground of fraud, alleged to have been committed by a former overseer of the poor of *B.*, upon the former overseers to the poor of *S.*, in the apportionment of the money and poor belonging of *B.*, pursuant to the provision of an act for the division of that and another town into three towns : *Held*, that this Court could not give relief for or against the parties, in their individual capacities; and that the remedy, if any, between the two towns, was at law.

Where a demurrer to the plaintiff's bill is allowed, on the ground that the relief, if any, is at law, the defendant is entitled to his taxable costs.

*April    17th*
*and May 4th.*

THE bill charged, that at a meeting of the supervisors and the overseers of the poor of the towns of *Sand Lake* and *Berlin* on the 13th of *May*, 1813, for the purpose of apportioning the money and the poor belonging to the town of *B.*, between the two towns of *B.* and *S.*, pursuant to the second section of the "Act to divide the towns of *Greenbush* and *Berlin* in the county of *Rensselaer* into three towns," passed *June* 19th, 1812, (*sess.* 35 *ch.* 204.) the overseers of the poor of *Berlin*,

by fraudulent misrepresentations caused the supervisor and overseers of the poor of *Sand Lake* to enter into an agreement in writing with the supervisor and overseers of the poor of *B.*, by which the said town of *S.* was charged with an undue proportion of the burden in respect to the poor, &c. The bill *prayed* for relief, and that the overseers of the poor of *B.* might be decreed to refund and pay to the overseers of the poor of *S.*, the plaintiffs, what would have been, and would still be, their due proportion of expense, on a just and fair apportionment of the said poor.

The defendants demurred to the bill, on the ground that the plaintiffs had no title, either in their individual or corporate capacity, to sue the defendants; and that the plaintiffs had not shown a case, entitling them to discovery or relief.

*Henry*, for the defendants, in support of the demurrer, cited *Coop. Equ. Pl.* 164. 193.  6 *Vesey*, 773. 777.  13 *Johns. Rep.* 496.  16 *Johns. Rep.* 8.   2 *Johns. Ch. Rep.* 371. 384. 389.

*Van Vechten*, contra.   He cited, *Overseers of Pittstown* v. *Overseers of Plattsburgh*, 18 *Johns. Rep.* 407.

THE CHANCELLOR said, that he did not consider that he could give relief under the bill, for or against the parties, in their individual capacities; and that if there was any remedy, as between the two towns, it was at law, by *mandamus*, *certiorari*, or personal action.   The following decretal order was then entered: "It is *declared*, &c. that the remedy (if any) by the present overseers of the poor of the town of *Sand Lake*, against the present overseers of the poor of the town of *Berlin*, for an alleged fraud committed by a former overseer of the poor of the town of *Berlin*, upon a former supervisor and overseers of the poor of the town of *Sand Lake*, in the apportionment of the money and poor belonging to the

1821.

GREGORY
v
REEVE.

*April 17th.*

*May 4th.*

1821.

GREGORY
v.
REEVE.

town of *Berlin*, under the provisions of the act entitled, " An act" &c. passed the 19th of June, 1812, appertains to a Court of Law, and not to this Court. It is, therefore, *Ordered*, &c. that the plaintiffs' bill be dismissed, without costs to be taxed by either party, as against the other."

*July* 6*th.* The cause was this day re-heard, by consent, on the question of *costs.*

*Henry*, for the defendants, cited 2 *Madd. Ch.* 415, 416. 2 *Atk.* 113. 11 *Vesey*, 462. 18 *Vesey*, 16. 4 *Bro. C. C.* 545. 1 *Vesey*, 582.

*Van Vechten*, for the plaintiffs, cited 1 *Johns. Ch. Rep.* 166. and the cases there cited. 1 *Johns. Ch. Rep.* 566. 2 *Johns. Ch. Rep.* 65. 129. 520. 274. 317. 3 *Johns. Ch. Rep.* 477.

THE CHANCELLOR said, he should allow the defendant his taxable costs, on the strength of the authorities of *Holbrooke* v. *Cracraft*, (6 *Vesey*, 706. *note*,) the *anonymous* case in 9 *Vesey*, 221. and the *English* rule of Lord Keeper *Wright*, in 1710. (*Beames' Orders, p.* 320.) That it appeared from these cases, to be the *English* practice, to allow the defendant his costs, when he prevailed by the allowance of the demurrer ; and that practice was followed in *Davoue* v. *Fanning*. (4 *Johns. Ch. Rep.* 199.) The former decree was varied accordingly, in respect to costs.