1828.

Noble
v.
Wilson.

[*164]

---

## NOBLE AND OTHERS *v.* WILSON AND OTHERS.

The answers of all the defendants in a suit must be perfected before an injunction will be dissolved, provided all the defendants are implicated in the same charge, and the complainant has taken the requisite steps to compel the answers.

And where exceptions to the answer of one of the defendants are submitted to, if the exceptions go to the merits, an injunction will not be dissolved.

The same rule holds where the exceptions are allowed by the master.

If the exceptions to the answer have not been submitted to by the defendant, nor allowed by the master, the court will look into them to see they are not frivolous.

If frivolous, they will furnish no objection to a motion to dissolve an injunction.

Where there is one general exception to the master's report, embracing all the exceptions allowed by him, and the master, in allowing the exceptions

was right as to any of them, this general exception to the master's report will be overruled.

THE plaintiffs as judgment and execution creditors of Samuel Wilson, the elder, filed their bill against him and the other defendants, charging that he had fraudulently transferred his property to the other defendants, seeking a discovery of the fraud, and praying an injunction to restrain them from selling or incumbering the property. To the answer of three of the defendants the plaintiffs excepted, and those exceptions were submitted to. To the answer of the other three defendants exceptions were also taken, which, on reference to a master, were allowed; but those defendants excepted to the report of the master. The motion to dissolve the injunction and the argument on the exceptions were heard together.

*P. Ruggles, for the complainants.                    [*165]

J. Smith, for the defendants.

THE CHANCELLOR:—The answer of all the defendants must be perfected before the injunction will be dissolved, provided they are all implicated in the same charge, and the complainant has made use of due diligence to get in their answers. In such cases, the exceptions to the answer of one of the defendants submitted to, is a good answer to a motion to dissolve the injunction, if those exceptions go to the merits of the case on which the injunction rests. The same rule must also be applied to the case of exceptions allowed by a master, although the defendant has excepted to the master's report.[1]  If the exceptions have not

1] *Depyster* v. *Graves*, 2 John. Ch. 148; *Vandervort* v. *Williams*, 1 Clark. 377. This rule is not inflexible; it has its limitations and qualifications. One important one is, that the plaintiff must have taken the requisite steps to compel an answer from all the defendants; *Mallett* v. *Weybosset Bank*, 1 Barb. S. C. R. 217; *Lubor* v. *Hess*, 5 Paige, 85. So, where the defendants on whom the real gravamen rests have fully answered; especially where the

1828.

Noble
v.
Wilson.

been submitted to by the defendant, or allowed by a master, they are no answer to the motion, and the court will look into them, and see that they are not frivolous. If they have been allowed by the court, or a master, or have been submitted to, the injunction will not be dissolved until the answer is perfected, unless the court is fully satisfied that the answer to them cannot have any possible bearing on the question of dissolution.

In this case the defendants are all implicated in a charge of fraud; the exceptions seek a more full discovery of the evidence thereof; three of the defendants admit the exceptions to their answer to be well taken, by submitting to answer them; and the master has reported in favor of the exceptions to the answer of the other defendants. In addition to this, the answers, as they now stand, do not remove all suspicion of fraud in relation to the transactions referred to in the bill. The motion to dissolve the injunction is therefore refused with costs.

I have looked into the bill, the answer of James and Daniel Wilson and Samuel Wilson, jun., and the exceptions to that answer, and am satisfied that all the exceptions are well taken except the second. As to that exception, that there is no charge in the bill to justify the interrogatory on which it is founded. The master's report on the exceptions is therefore confirmed, except as to the second exceptions; and the *defendants must pay the costs of the other exception to their answer, and of the hearing before the master.

[*166]

There is one general exception to the master's report, embracing all the exceptions allowed by the master. In eight out of the nine exceptions allowed by the master, it appears the report was right; and according to the decision

co-defendant is a non-resident. Id. This, in the text rule, is applicable only where the injunction has been properly granted. Id. And the rule is relaxed where the parties not answering, are mere formal parties; *Higgins* v. *Woodward*, Hopk. 342.

of the Master of the Rolls, in *Hodges* v. *Solomons*, (1 Cox. Ca. 249,) this exception to the report must be overruled.

But I think it reasonable to modify the report in the manner above stated; and the defendants must pay to the complainants the full costs of the hearing on the exception.