Judge Wood
delivered the opinion of the court:
If a decree in chancery is once pronounced in the court of common pleas, it is as conclusive on the rights of the parties as a judgment at law. Since the remedy to review the final decrees of that court by writ of error has been taken away by the act of 1831, the decrees of that court can only be set aside by partition for a rehearing, by bill of review in that court, or avoided on an appeal to this. In all eases within the jurisdiction of that court its proceedings are conclusive, and definitely settle the rights .of the parties, unless such proceedings are removed in the manner the law provides. It is an undeniable principle, that where a cause has once been adjudicated by a tribunal of competent jurisdiction, its merits shall not again be disturbed. It is fit, says the law, that there should be an end to litigation; and this rule is as applicable to proceedings in equity as at law. It is well settled that a decree in chancery can not be impeached by an original bill, except on the ground of fraud ; nor can it be opened, excepting on a petition to rehear, or a bill of review. 2 Johns. Ch. 205; 4 Johns. Ch. 199. This court have said, 5 Ohio, 460, the position is undoubtedly true that a decree on the merits binds all the parties to it; and in 5 Johns. Ch. 564, the chancellor remarks that there can be no doubt of the settled doctrine that a decree by *con- [530 sent is binding, unless procured by fraud. The complainant in his bill, and the bank in the answer, aver that the bill was filed for the same cause in the common pleas, and the same relief sought which is the object of this bill. The pleadings were made up, the issue closed, and by consent of counsel a decree of dismissal of the *538 ■bill pronounced, and notice of an appeal given, which was not perfected. It is laid down in Sugden, that a decree of dismissal, unless qualified by the words “without prejudice,” is conclusive on •the subject matter laid in the bill. Has there been fraud in the ■rendition of the decree in the common pleas ? It is not pretended, •nor does the bill filed in this case seek to avoid it on that ground. It is sought, however, to avoid it, because counsel were negligent, .and did not notify the complainant in time for him to put in bail within the thirty days.
This court decided, 4 Ohio, 492, and 6 Ohio, 82, that the mere negligence of counsel would not afford sufficient ground for relief in equity against a judgment at law, and it is well said by counsel, that judgments and decrees by our statute, as it relates to their force, effect, and operation, are placed on the same footing. Can mere negligence of counsel or party, then, be cause for relief here? We think not.
Counsel attempt, however, to avoid this matter set up in the •answer as a bar, because such a defense is not made by plea. 5 Ohio, 460, is cited as an authority. The court in that case (Ferguson v. Miller) do hold that language. The bill set up matter in avoidance of a former decree. The defendant demurred, thereby admitting the matter set up. The court overruled the demurrer, said the defense could only be made by plea, and directed the case to ■stand for answer. I am satisfied from anything there is in the case, that the court did not intend to be understood that such defense •could not be made by answer; but only that it was not well made ■on demurrer. Mitford, in his treatise says, a plea is but a special answer, setting up some matter in bar of the bill. Mit. Pl. 219. We think the defense may be made by answer. Gilston v. Callwire, 1 Johns. Ch. 192, is such a case, and in point.
Our opinion is, that the decree of the common pleas upon the •same, matters set up here, and when the same relief was sought, is ■a bar. That decree being by consent, to enable the complainant to appeal, which appeal, not being perfected by the mere negligence 531] of the party, no fraud, no accident, no ^mistake set up by which the complainant was deprived of his right of appeal, does .not entitle him to any relief against the operation of that decree.