*Dec. 1840.*

Vandervoort
and others
v.
Williams
and others.

---

**VANDERVOORT and others *vs.* WILLIAMS and others.**

It is a general rule that the answer of all the defendants must be perfected before an injunction will be dissolved, provided all the defenfendants are implicated in the same charge.

Where a president of a bank is made a party defendant, as an individual, and the bank is also made a party, and the president and the bank are both implicated by the bill in the same charge, and the bank answers by its cashier, and the president does not answer, the injunction will not be dissolved upon the answer of the bank alone ; nor until the answer of the president comes in, even though the injunction is issued against the bank alone, and denial of knowledge on its part would be sufficient to procure its dissolution.

*S. E. Sill,* for complainants,

*W. Hunt,* for Bank of Utica.

THE VICE CHANCELLOR. This is a motion on behalf of the Bank of Utica, one of the defendants in this cause, to dissolve the injunction heretofore allowed and issued therein upon bill and answer. The bill charges fraudulent representations by Williams, on the sale of certain real estate by him, to the complainants, and that certain negotiable promissory

48

Dec. 1840.

Vandervoort
and others
v.
Williams
and others.

notes were given by the complainants to Williams as a part consideration of such purchase. It charges farther that Huntington, another defendant, was present at the time of giving the notes, and knew the consideration thereof, and knew that title to part of the premises had failed, and that Williams was insolvent. That Williams transferred those notes to Huntington to meet liabilities incurred by him for Williams; and that Huntington was president of the Bank of Utica, and transferred the same notes to the Bank of Utica in payment of a debt of Williams to said bank, upon which Huntington was surety; and charges ·knowledge of the whole consideration of such notes upon the Bank of Utica. The bank put in their answer, not under their corporate seal, but by their cashier, and the answer is verified by the oath of their cashier. The answer denies knowlege of the consideration of the notes—denies that Huntington was surety for any debt of Williams to the bank—denies that Huntington procured the notes to be discounted, and avers that the notes were discounted for williams, and the proceeds placed to his credit subject to be drawn for by him at his pleasure. The injunction was to restrain farther proceedings at law upon the notes in the suits instituted thereon by the bank. The answers of neither of the other defendants have yet come in. The Bank moves for a dissolution of the injunction upon its own answer alone.

It is a general rule that the answer of all the defendants must be perfected before the injunction will be dissolved, provided all the defendants are implicated in the same charge. 1 Paige, 164; 1 John's. Ch. Rep. 148. The conscience of all the defen-

dants charged by the bill, with personal knowledge

of the gravamen of the charge, should be probed before an injunction will be dissolved upon the anwer. Otherwise it might happen that the answer of the defendant who had personal knowledge of the facts charged, might be kept back, and the injunction be dissolved upon the answer of those who were ignorant of the matter charged. In this case the defendants Williams and Huntington are implicated by the bill in the same charge. The bank is implicated as having knowledge of the truth of the charge. It is true, if the bank denies properly this knowledge, and avers that the discounting of the notes was bona fide and without knowledge, then the injunction should be dissolved, as to them, without waiting for the answers of the other defendants. The notes being negotiable, the bank would acquire good title to them at any rate, and should be permitted to go on with their collection.

It is a somewhat difficult matter to say what is the knowledge of a corporation, aggregate like a bank. Some of its officers can, perhaps, truly deny knowledge, while others might be knowing to the facts. In this case the answer is sworn to by the cashier; and for ordinary purposes this would be sufficient. The only doubt arises from the fact that Huntington, one of the defendants, is president or chief officer of the bank, and he has not made oath to the truth of the answer, neither has he answered for himself. He is charged by the bill with personal knowledge of the facts, alleged to constitute fraud. His oath would probably put the question at rest. The question here is somewhat similar to that in The Fulton Bank vs. The New York and Sharon

Dec. 1840.

The Western
Res've Bank
v.
Stryker and
others.

Canal Company, 1 Paige, 311. Only, in this case, the cashier who swears to the answer has knowledge of the transaction, but it is not quite so clear that he has the whole knowledge. It would be more consonant with general principles, and would be a safer rule to retain this injunction until the answer of the other defendants comes in. We shall then have the knowledge of all the defendants, and can decide in view of the whole case.

I have laid no stress upon the fact that the answer was not put in under the seal of the corporation, nor have I looked into the bill to ascertain whether the injunction should be dissolved upon that alone, as those points were not suggested by the counsel, but the case was argued as upon an answer denying the whole equity of the bill.

Motion denied. Costs abide event.