## Nancy Porter's Heirs, Appellants, *v.* Tilleth Porter.

The administrator must be made a party to a proceeding in the probate court for a distribution of an estate. And it seems that all the distributees should also be parties.

Bastards are not comprehended under the word "children" in our statute of descents and distributions of estates.

Our statute has changed the English law, so far as to render a child born out of wedlock legitimate by the subsequent marriage of the parents and recognition of the issue.

On an application for distribution of an estate, a *pro confesso* against the administrator of the first administrator does not affect the rights of the heirs.

The statute allows any party who may feel aggrieved the right to appeal from any order, decision, decree or sentence of the probate court.

APPEAL from the probate court of the county of Franklin.

Tilleth Porter filed his petition in the probate court of the county of Franklin, to obtain a distributive share of the estate of Nancy Porter, deceased. The petition stated that Sutton Byrd, the administrator of Abednego Porter, who had been the administrator of Nancy Porter, had settled the account of said Abednego's administration, and refused to pay a balance due of eight thousand five hundred dollars. The petitioner claimed to be one of the seven heirs of Nancy Porter to whom the estate should be distributed.

Citations were issued and served, and five of the heirs answered and admitted all the allegations of the petition except the heirship of the claimant. They alleged that he was an illegitimate son of Nancy Porter, and not entitled to share in the inheritance.

Two of the heirs joined the petitioner, in his prayer for a distributive share of the estate, stating that he was born without wedlock, but admitting the subsequent marriage of his parents, and their recognition of him as their child. The answers of the first five defendants were demurred to. Byrd failing to answer, a

*pro confesso* was taken against him. In this position, the case was set down for hearing, and the court decreed, without proof of any kind, in favor of the petitioner, that the administrator of A. Porter pay over to the petitioner his share of the estate, according to the prayer of the petition. The five defendants to whose answers the defendants demurred, appealed to this court.

BOYD for appellants.

The five defendants against whom the decision was given, have prosecuted this appeal. They were the only parties aggrieved by it, for the administrator had confessed the petition, and it mattered not to him whether the money in his hands was to be paid to one or more of the claimants. The two defendants who by their answers had admitted all the allegations of the petition, were, of course, not interested in prosecuting the appeal, and more particularly so, since among the facts stated in the petition and admitted by their answers, is the allegation that they have received their distributive shares out of the fund in controversy. They can, therefore, do complete justice to the petitioner by reimbursing to him a rateable proportion of what they admit to be his distributive share, wrongfully paid to them. And this they can do, and it is to be hoped will do, without any appeal. The decree being final as to all parties, an appeal by any of them was proper. There is no summons or severance except in reference to common law judgments. That can never apply to decrees, because the chancellor divides the parties in his decrees according to the right of the case, giving his decision for some and against others. Even where a case is retained in chancery as to a portion of the defendants, if there is a final decree as to others, no doubt under our practice an appeal would immediately lie. 6 Munf. 340; 3 *ib.* 279.

That point disposed of, there can be no doubt what should be the decision in the case before the court. The case must be considered as having been set to hearing upon the answers of the five appellants. The demurrer to an answer in chancery is unknown, but the same thing is effected by the complainant setting the cause for hearing on bill and answer, by which the answer is

taken to be true. The answer of the other defendants constitute in themselves no proof against their co-defendants.

Under these circumstances the judge of the probate court decided that, admitting the petitioner to be the illegitimate child of Nancy Porter, still he was entitled to a distributive share of her estate. This is, to say the least of it, rather a novel doctrine. It requires no comment. 2 Kent, 212, chap. 29, sec. 4; 1 Coke, 146, margin, or Coke Litt. 123, *a*, sec. 188.

One word on another point. It seems doubtful whether the petitioner, on the allegations of his petition only, was entitled to a hearing. He does not show that the estate of Nancy Porter had ever been finally settled in the probate court. How then could a distributee, even after the death of her administrator, and supposing her estate to be vacant, apply for an order upon the administrator of the first administrator to distribute the estate? How does it belong to the administrator of Abednego Porter to administer and distribute Nancy Porter's estate? Surely no correct principle will sanction such a proceeding. The administrator *de bonis non* of Nancy Porter was entitled to the fund in the hands of Abednego Porter's administrator, until her estate was finally settled. After that, perhaps, the heirs might seek the fund wherever it could be found. See Kelsy's Administrator *v.* P. Smith's Administrator, 1 Howard, 79–85; Toller Ex'rs, 117–243; Bacon's Ab. Ex'rs and Adm'rs, B. D. 2; 2 Greenleaf's Rep. 81; Rev. Code, pages 43 and 45, secs. 56–59; 11 Mass. Rep. 270. Even while in the hands of the administrator *de bonis non* he could not be compelled to distribute it before final settlement, without a bond of indemnity from the petitioning heir or distributee.

The decision of the court appears to be erroneous in every particular.

MONTGOMERY on the same side.

WEBBER for appellee, contended :
1. That it was unnecessary to make the other heirs defendants; that the proceeding might have been had against the administrator alone, and the *pro confesso* against him authorized the decree made by the probate court, while we do not deny that the other

heirs had the right to make themselves parties defendants by a petition in the nature of an application to interplead.  See Revised Code, page 55, sections 91, 92.

2.  It is admitted by the defendants that the appellee is a natural son of said Nancy Porter, deceased, and that the balance of the heirs *per sterpes* are six in number; we therefore contend that the appellee is the son of his mother, and one of her children and heirs, even if he is not the son of her only husband, (but for their reputation we believe he is one of the sons of her husband,) and in the words of our statutes one of her children.  See Old Revised Code, page 41, sec. 50, and page 42, sec. 52.

3.  The appellee contends that he is a legitimate child and heir of Joseph and Nancy Porter, by virtue of their marriage.  See Revised Code, page 42, sec. 53.

4.  It was proper to make Sutton Byrd a party.  See Revised Code, page 44, sec. 56.

JENNINGS on the same side.

The demurrer must be regarded as mere surplusage, and the cause regarded as having been heard upon the *pro confesso* and answers.  Conceding the fact to be as stated in a portion of the answers, that Tilleth Porter is the illegitimate child of Nancy Porter, the question whether he is entitled to a distributive share in her estate is the principal, if not the only one, involved in the cause. The answer will depend upon the construction proper to be given to the word " children," in the 50th sec. of " The Orphans' Court Law," Rev. Code, p. 41.  Does it in the case of an intestate mother embrace all her children, or only those born in wedlock?  I insist that the civil and not the common law, was in the view of the legislature in passing the act, from the provisions of this section as well as the subsequent one authorizing the father to legitimate his illegitimate children.  Under the civil law illegitimate children could inherit to their mothers.  Just. Inst. 215, 394. Blackstone says that the statute of Charles was not taken from the Roman law, 2 vol. 218.  Had it been, it would have been construed conformably to its principles.  4 Dess. 434.  Vide Blackstone's eulogy of the English over the Roman law, as to the rights of illegitimates.  1 Black. 362.  It has been adjudged in Connecticut,

that illegitimates are to be deemed children within the purview of the statutes of distributions.   5 Conn. Rep. 228 ;  4 Kent. 414.

Mr. Justice TROTTER gave the opinion at the January term, 1842.

A preliminary question has been made, whether the appeal be allowable, inasmuch as the administrator and two of the distributees have not united in the appeal.   The law allows to any party who may feel aggrieved, the right to appeal from any order, decision, decree or sentence of the probate court.   From the nature of the answers of the two defendants who unite in the prayer of the petitioner, they are not injuriously affected by the decree.   The cause as to them is at an end; the decree does not aggrieve them. The same may be said of the administrator, who is a mere trustee, and as such must stand indifferent as to how the decree goes, or as to who gets the money.   As the record stands, this is virtually and really a contest between the petitioner and the appellants. We can, therefore, entertain no doubt that the appeal is allowable.

On the merits of the case, there can be no doubt.   The answer of the appellants, by denying the heirship of Tilleth Porter, stated a fact, which is of course fatal to the claim urged in the petition. It denies the very ground and foundation of his right as stated in the petition.   The demurrer admits the answer to be true.   And yet the court not only disallowed the demurrer, but rendered a final decree in favor of the petitioner.   This was certainly erroneous.   And it was equally improper to make the decree without proof to support the facts on which it was predicated.   It is then, as a general rule, that upon a *pro confesso* decree, the court can only set the cause for a final hearing, and make the decree final upon due and regular proof of the right of complainant to recover.

A re-argument having been awarded in this case, Mr. Justice CLAYTON delivered the opinion of the court at the present term:

This is a petition filed in the probate court of Franklin county, by the appellee, for a distributive portion of the estate of Nancy Porter, deceased, against the administrator of her first administrator, and her heirs at law.   The defence set up is the illegitimacy of the petitioner ; and the want of proper parties.   There was no

proof taken in the cause; five of the parties who are the present appellants deny the claim of the petitioner; two of the parties were willing to grant the petition, admitting the subsequent inter-marriage of the ancestors, and their recognition of the petitioner. The administrator of the first administrator paid no attention to the cause, and the petition was taken for confessed against him, and a decree entered in favor of the petitioner.

The first enquiry is, whether there is not a want of proper parties, because there is no representative of the estate of the decedent before the court. The statute under which this proceeding is had, enacts that "any person entitled to the distribution of an intestate's estate, may petition the court of the proper county, setting forth his claim, whereupon it shall be the duty of the court to grant a rule upon the administrator to make the distribution agreeably to law." H. & H. 406, sec. 70. From the terms of this act, it would seem that the administrator of the estate sought to be distributed is an indispensable party; and when plenary proceedings are had, it is equally important to have him before the court. The same rule obtains in a court of equity. In some cases it has been held sufficient under certain circumstances to make the administrator alone a party, though more generally all the distributees are requisite parties; but in every case where distribution is sought, the administrator or executor has been held a necessary party. 1 Paige, 270; 6 Rand. 448; 2 McCord's Ch. Rep. 168; 1 Paige, 166; 4 Johns. Ch. Rep. 199. So far does this rule extend, that distributees cannot sue an executor *de son tort*, without having an administrator *de bonis non* as a party, because a recovery by the distributees would leave him still liable to the demand of the administrator *de bonis non*. Frazier *v.* Frazier's Executors, 2 Leigh, 649. Hence it appears there were not proper parties before the court, to authorize the decree which was rendered; and for this reason the case must be reversed.

Upon the other point, also, the decree is erroneous. The simple question is, whether bastards are comprehended under the word *children*, in our statute of descents and distributions. At the time of the passage of that statute, the same words in the English statutes on the same subject had received a fixed and established construction. Even before the statutes of Charles II. it had been

held that "those who were born from an illegal connection, were not numbered among children." Co. Lit. 3, *b.* From the time of Elizabeth the word children in a will, where there were both legitimate and illegitimate children, had been held to mean the legitimate only. See Beachcroft *v.* Beachcroft, 1 Mad. Rep. 237; 1 Black. Com. 378--9. It was well known that under the English law illegitimates could not take property by descent derived either from the father or the mother; that they were of the blood of no one; could be heir to no one, and could not be the stock through which consanguinity could be traced. Blackstone as above.

With the English statute before it, and with a full knowlege of the construction it had received, our legislature re-enacted it, without manifesting the slightest intention to change the rule of construction so established. This is a strong reason for adhering to the rule. By the same statute a case is provided for in which a child born out of wedlock may be rendered legitimate; that is, upon the marriage of the parents and recognition of such issue. This was a change of the English law, and goes to prove that with this addition, they intended that law to remain unaltered.

This point came before the Supreme Court of the United States, upon the construction of a similar statute in Virginia. The court says, "as bastards, they were incapable of inheriting the estate of their mother ; the current of inheritable blood was stopt in its passage from and through the mother, so as to prevent the descent of her property and that of her ancestors, either to her own illegitimate children, or to their legitimate offspring." Stevenson's heirs *v.* Sullivant, 5 Whe. 207; 4 Con. Rep. 641. This seems also to accord with the prevailing exposition of similar statutes in the United States. Cooley *v.* Dewy, 4 Pick ; McCormick *v.* Cantrell, 7 Yerger ; Drake *v.* Drake, 4 Devereaux, 110 ; 4 Dess. 440 ; Little *v.* Lake, 8 Ohio, 289. In Connecticut, the contrary has been decided ; Heath *v.* White, 5 Conn. 228; but this case is overborne by the others just cited. It is the policy of the law to sustain the institution of marriage, as the surest and safest ground-work on which society can rest, and to make that the only source from which inheritable blood can flow.

It is urged in argument, that Tilleth Porter was rendered legitimate by the marriage of his parents, and subsequent recognition.

Nancy Porter's Heirs, Appellants, *v.* Tilleth Porter.

There is no proof of that fact in the record, nor any mention of it, except in the answer of two of the defendants. Their admission cannot affect the rights of their co-defendants; and it is unfortunate if the proof exists, that it was not made. The *pro con-fesso* against Byrd, the administrator of the first administrator, can have no effect, because he does not represent the estate of Nancy Porter, nor does he appear to have any interest of any kind in the subject matter.

The decree will be reversed, and the petition dismissed.