Oldham, J., delivered the opinion of the court. It is a settled rule that if ail the defendants are implicated in the sapie charge, the answer of all will in general be required before the injunction will be dissolved, but if the defendant, on whom the gravamen of the charge is made, has fully answered, that may be sufficient. Depeyster vs. Graves, 2 J. C. R. 148. Jones vs. Megee, 1 Bland 190. Stewart vs. Barry, id. 192. Noble vs. Wilson, 1 Paige 164. Eden on Injunction, 117. This rule, it was said in the case Depeyster vs. Graves, is subject to the exception, that, the answer of formal parties will not be required, and also, when the plain tiff has not taken the necessary steps to expedite his cause, and to procure the answer of the other defendants, a motion to dissolve will be entertained. From the authorities the rule may be thus declared, that where the plaintiff has taken the necessary steps to expedite his cause, and to procure the ausw.ers of all the defendants, an injunction will not be dissolved until the defendant, upon whom ths gravamen of the charge is made, has answered, and if all the defendants are implicated in the charge, not until all have answered. All the charges of fraud, contained in the bill, and set up as a de-fence against the collection of the judgmeut at law, recovered by Alexander as assignee of Morse, are made against Morse. From the very circumstance of the case, Alexander could not know whether the charges were true or not, and it was error to dissolve the injunction until the coming in of Morse’s answer. The complainants had taken the necessary steps to obtain his answer, by causing a subpoena to be issued and served upon him, and having failed to answer, they were entitled to have their bill taken as confessed against him. The defendant, then, upon whom the charges are made by the bill, so far from denying by his answer, verified by affidavit, the charges thus made against him, by failing to answer, according to the rules and practice in chancery, admitted them to be true. By the assignment of the note by Morse to Alexander, the rights and liabilities of the makers were not changed. They were not deprived of any defence against the note either in law or equity, which they possessed against the assignor before the assignment. Rev. Stat., ch. 11, sec. 3. By the assignment, Alexander acquires all the rights and interest of Morse, created by the note, and became subject to the same defences as his assignor. Under such circumstances it was irregular and erroneous to dissolve the injunction before the coming in of Morse’s answer. The circuit court also erred in dismissing the bill upon dissolving the injunction. The complainants had a right to proceed to a final hearing of the cause, as if no injunction had ever been prayed or granted. For these errors, the judgment and decree of the circuit court must be reversed, and this cause remanded to the circuit court of Yell county, with instructions that the injunction be re-instated, and that the court proceed to a final hearing and decree herein according to the rules and practice in chancery, and not inconsistent with this opinion.