OPINION
Appellant, Marlon W. Evans, appeals a decision of the Butler County Court of Common Pleas finding that he was obligated to pay $7,500 to his former wife, appellee, Sherri L. Evans, under the parties' separation agreement.
The parties' marriage was dissolved by a dissolution decree filed on July 3, 1996. Incorporated into the decree was the parties' separation agreement which provided in relevant part:
III. DIVISION OF PROPERTY
* * *
A. REAL ESTATE
 The Husband shall receive all interest in the parties' real estate located * * * [in] Camden, Ohio * * *. The Wife shall execute quitclaim deed to the Husband and Husband shall assume and pay all debt thereon and hold Wife harmless from the collection thereof.
 In consideration thereof, Husband shall pay to Wife the sum of Twelve Thousand ($12,000) Dollars, payable on or before September 1, 1996. * * *
 B. MOTOR VEHICLES
* * *
 2. Wife shall receive all interest in the 1995 Chevrolet Monte Carlo and Husband shall pay any debt thereon, and hold Wife harmless from the collection thereof. This debt is approximately $14,000.00 to Fifth Third Bank.
On February 6, 1998, Sherri filed a motion for contempt alleging that Marlon had failed to make any payment on either the $12,000 debt or the $13,000 loan balance owed on the Monte Carlo in violation of the separation agreement. By agreed entry filed April 1, 1998, the trial court held as follows:
 Now com[e] [the parties] and advise the Court that they have reached the following agreement:
 In the Separation Agreement * * * adopted by Decree on July 3, 1996, [Sherri] was to receive the sum of $12,000 payable on or before September 1, 1996 to date. [Sherri] has not received this sum.
 Therefore, this sum shall be payable in three equal installments as follows: the first installment shall be due on or before April 1, 1998; the second installment shall be due August 1, 1998, and the third installment shall be due on or before December 1, 1998.
 If [Marlon] fails to pay said installments, in accordance with this agreement, the balance of the installment payments shall be payable at 10% interest per annum from September 1, 1996, until paid in full.
 If [Marlon] fails to pay in accordance with this Agreed Entry, [he] shall be responsible for all attorney fees and costs incurred by [Sherri] in enforcing this agreement.
A review of the language of the agreed entry clearly shows that it makes no mention of the motion for contempt. While the entry specifically and unequivocally states that the agreement is a compromise by the parties regarding Marlon's $12,000 obligation, it fails to make a similar statement regarding Marlon's Monte Carlo loan obligation. The entry remains silent as to an agreement, if any, between the parties regarding that obligation.
On August 28, 1998, Sherri filed a second motion for contempt alleging, inter alia,:
BRANCH I
 [Marlon], has refused to pay the $12,000 * * * due September 1, 1996. [Sherri] states that there is principal due and owing in the amount of $5,800 plus interest from September 1, 1996.
* * *
BRANCH II
 Comes now * * * [Sherri], and moves the Court for an order for [Marlon] to show cause why he should not be found in contempt of court for failure to provide the * * * 1995 Chevrolet Monte Carlo. [Sherri] states to the Court that the original car was sold for the loan balance by [Marlon] and that [he] failed to substitute an adequate vehicle in place of the car which was disposed of.
On September 22, 1998, Marlon filed a motion for contempt and motion to dismiss in which he moved "[the trial court] to dismiss Branches I and II of [Sherri's] Motion for Contempt on the grounds that said Motion is barred by the parties' agreement, approved and ordered by the court, placing [Marlon] on a payment schedule; and for the reason that [Sherri] sold the automobile and sold it herself, thereby waiving any claim against [Marlon]."
By decision and judgment filed September 30, 1998, the magistrate found, inter alia, that "[t]he parties agreed that [Marlon] owes [Sherri] $4,000.00 December 1, 1998, and that he is otherwise current on the $12,000 obligation * * *. The parties stipulated that the Monte Carlo had been sold so that [Sherri] received $1,700 and the loan balance of $11,500 was paid off. [Marlon] bought a car for $4,000 for [Sherri] so that he was still obligated to pay $7,500.[1] [Marlon] argued that this was merged in the last agreed entry, but I find that it was not specifically addressed." Following objections filed by Marlon, the trial court affirmed the magistrate's decision. This timely appeal follows.
In his sole assignment of error, Marlon argues the trial court erred in finding that he is still obligated to pay the debt on the 1995 Monte Carlo following the agreed entry filed April 1, 1998. Specifically, Marlon contends that Sherri's second motion for contempt was barred by the doctrine of res judicata because Marlon's Monte Carlo loan obligation was conclusively adjudicated in the April 1, 1998 agreed entry.
We note at the outset that an agreed judgment is regarded as an act of the court. Rosebrough v. Ansley (1878), 35 Ohio St. 107,111. Generally, in the absence of fraud, a judgment rendered by the consent of the parties is binding and conclusive between the parties and their privies, and may be used as a basis for the application of the doctrine of res judicata. White v. Bank UnitedStates (1834), 6 Ohio 528, 530-531.
We also note that pursuant to R.C. 3105.65(B), "[i]f * * * the court approves the separation agreement * * * agreed upon by the parties, it shall grant a decree of dissolution of marriage that incorporates the separation agreement. * * * The court has full power to enforce its decree * * *."
Under the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp.
(1995), 73 Ohio St.3d 379, 382. It is well-established that only a judgment on merits can be res judicata. Gibson v. SummersConst. Co. (1955), 163 Ohio St. 220, 229. In addition, resjudicata does not bar a subsequent motion when the subsequent motion is based on different facts, asserts different grounds for relief, and it is not certain that the issue could have been raised in the prior motions. Coulson v. Coulson (1983), 5 Ohio St.3d 12,17.
After thoroughly reviewing the record, we find that resjudicata does not bar Sherri's second motion for contempt. Sherri's first motion for contempt raised two specific issues, namely, Marlon's failure to make any payment on either the $12,000 debt or the $13,000 loan balance then owed on the Monte Carlo as ordered by the dissolution decree. Sherri's second motion for contempt, while again referring to Marlon's failure to pay the $12,000 debt, raised a different issue with regard to the Monte Carlo, that is, Marlon's failure to provide Sherri with another car after the Monte Carlo had been sold. We note that unlike Marlon's obligation to pay the $12,000 debt and the Monte Carlo loan, Marlon had no obligation under the dissolution decree to provide Sherri with another car if the Monte Carlo was sold or otherwise disposed of. Also, it is not clear from the record whether the sale of the Monte Carlo was an issue at the time of Sherri's first motion for contempt. Thus, "it is not certain that * * * [the] issue `could have been raised'" in Sherri's first motion for contempt. Coulson at 17. We therefore find that Sherri's second motion for contempt is based on different facts and asserts a different ground for relief.
In addition, we find that the April 1, 1998 agreed entry did not adjudicate Marlon's Monte Carlo loan obligation. The entry specifically and solely stated that the agreement was a compromise by the parties regarding Marlon's $12,000 obligation. The entry never refers to and provides no recitation as to the Monte Carlo loan obligation. We therefore find that the entry was not an adjudication of that obligation and not a "judgment rendered upon the merits * * *." Grava, 73 Ohio St.3d at 382. Even if we were to presume that the trial court overruled Sherri's first motion for contempt with regard to Marlon's Monte Carlo loan obligation by failing to rule on the motion, see Dozer v. Dozer (1993),88 Ohio App.3d 296, res judicata would still not apply because there was no judgment on the merits as to that obligation.
We accordingly find that the issue of Marlon's obligation under the dissolution decree to pay the loan balance owed on the Monte Carlo was neither litigated nor adjudicated in the agreed entry and therefore did not bar Sherri's second motion for contempt on the basis of res judicata. Marlon's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.
[1] During a hearing on the parties' respective motions for contempt, the parties stipulated that (1) the loan balance on the Monte Carlo was $11,500 at the time it was sold; (2) the car sold for $13,200 (thus making a profit of $1,700); and (3) Marlon used $2,300 of his money in addition to the $1,700 profit to buy a car for Sherri. $7,500 is the difference between the $11,500 loan balance on the Monte Carlo and the $4,000 car Marlon bought for Sherri.