IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37438

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 406 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 24, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL JOHN CAMERON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order revoking probation and requiring execution of unified five-year sentence with two-year determinate term for aggravated driving under the influence of alcohol and/or drugs, affirmed.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

Michael John Cameron pled guilty to aggravated driving under the influence of alcohol and/or drugs. Idaho Code § 18-8006. The district court entered a withheld judgment and placed Cameron on supervised probation for a period of five years with the condition that he participate in and fully comply with Bridge Court. Subsequently, Cameron admitted to violating several terms of the probation, and the district court consequently revoked his withheld judgment, imposed a unified sentence of five years with two years determinate, suspended the sentence and again placed Cameron on supervised probation. Approximately four months later, Cameron again admitted to violating several terms of his probation, and the district court revoked his

1

probation and ordered execution of the original sentence. Cameron appeals, contending that the district court abused its discretion in revoking probation and executing the underlying sentence.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Cameron's original sentence without modification. Therefore, the order revoking probation and directing execution of Cameron's previously suspended sentence is affirmed.