HOLMES and others *against* REMSEN and others.

After a cause has been argued at law, on a settled case in the Supreme Court, and a judgment rendered, and a subsequent application to that Court to have the case amended, and the cause re-argued, has been refused, Chancery will not interfere.

A decree, dismissing a bill upon its merits, is conclusive until reversed, and is a good plea in bar to a second bill for relief on the same subject matter.

*July 14th.*

THE bill was filed, the 27th of *January* last, by the plaintiffs, *William Holmes, George Caines,* and *Andrew S. Garr,* as trustees for the creditors of *Frederick Mullett,* an absent debtor, against the executors of *Isaac Clason,* deceased, and others. The bill detailed the previous history of the case. The material facts will be found in the report of the case in this Court; (4 *Johns. Ch. Rep.* 460—490.) and of the suit at law, afterwards brought in the Supreme Court. (20 *Johns. Rep.* 229—268.) The plaintiffs stated, that the cause was tried in *April,* 1821, and a verdict taken for the plaintiffs, subject to the opinion of the Court, on a case agreed to be made. That the case was made and argued in *May* term, 1822, and a judgment given for the defendants in *August* following, founded on the compulsory payment of the money in *London,* under the judgment and execution of the Mayor's Court, on a foreign attachment. That the day of the commencement of the suit here, in the Supreme Court, was, by mistake, omitted in the case settled for argument. That, on the ground of such omission, the plaintiffs applied to that Court, to have the case amended, and the cause re-argued, having obtained an order to stay proceedings on the judgment, in the mean time. That the omission of the *time* of the commencement of the suit, escaped the notice of the counsel, until after judgment in the cause. That the plaintiffs deem this fact

important and decisive ; the suit having been commenced
on the 11th of *August*, 1818. That the motion for the
amendment, and second argument, was made in *October*,
1822 ; and, at the request of the plaintiffs, postponed until
*January* term last, when the motion was argued, and de-
nied with costs. The fact of the commencement of the
suit, on the 11th of *August*, 1818, was not denied ; but the
motion was opposed, on the ground that it was too late to
allow of an amendment. The plaintiffs further stated,
that they believed that the proceedings under the attach-
ment, and the judgment and payment in *London*, were not *in
invitum*, but were fraudulently contrived by the defendants,
to evade the attachment law of this state. That, after no-
tice of the appointment of the plaintiffs as trustees, the de-
fendants had power and time to have withdrawn the money
out of the reach of the attachment law of *England*. That
the defendants had good reason to believe, that the money
would be so attached ; and had time to remove it and pay the
plaintiffs. That the defendants permitted the suit to pro-
ceed under the attachment, unopposed and fraudulently, in
order to defeat the plaintiffs, and did not plead the penden-
cy of the attachment of the plaintiffs here, *prior* to the at-
tachment in *England*, nor their previous suit in the Su-
preme Court here, either of which facts would have been a
good defence to the suit in *London*. That the facts, show-
ing a collusion between the defendants, did not come to the
knowledge of the plaintiffs until after the last *October* term.
*Prayer*, that the executors of *C.* be decreed to produce let-
ters and papers in their possession, relative to the matters
above stated, and deposit them in Court for the inspection
of the plaintiffs ; and consent to an amendment of the case,
and a second argument of it in the Supreme Court ; and that
they be enjoined, in the mean time, from perfecting their
judgment, &c., and for general relief.

There was a *demurrer*, by the executors of *C.*, as to part,
and a plea and answer as to the residue of the bill. The de-

1823.

HOLMES
v.
REMSEN.

murrer was to so much of the bill, as prayed a decree that the defendants should consent to the amendment and a second argument of the case in the Supreme Court, and for a discovery of any proceedings in relation to the suit at law, subsequent to the 29th of *December*, 1818, or the filing of the bill on that day : 1 Because, there is no new matter in the bill, on which the Court can grant relief, or by reason of which the defendants ought to make discovery : 2. There is no matter stated, as a foundation of equity, for this Court to give relief in relation to the suit at law, but what is properly cognisable in the Supreme Court, and of which the defendants have had the benefit in their application to that Court.

*Plea*, that the plaintiffs filed their bill, the 29th of *December*, 1818, (stating the substance of it,) to which the defendants answered the 20th of *May*, 1819, to which a replication was filed, and the cause heard the 13th of *June*, 1820, and a decree entered the 17th of *July* following, dismissing the bill, which decree was duly enrolled ; alleging that the decree was not obtained by fraud or collusion, and denying that the judgment in the Mayor's Court of *London* was obtained by fraud or collusion, and pleading the decree, above mentioned, in bar.

The *answer*, in support of the plea, denied all the charges of fraud and collusion, relative to the attachment, and stated the particular facts concerning it ; alleging, that the defendants never knew of the attachment until after judgment was rendered thereon, the 1st of *December*, 1818.

*P. A. Jay* and *S. Jones*, for the defendants. They relied on the judgment of the Supreme Court as conclusive ; and on the decree of this Court dismissing the bill.

*Caines*, contra. He cited 2 *P. Wms.* 69. 426. 2 *Equ. Cases Abr.* 159. 1 *Ves. & Bea.* 168. 4 *Price*, 135. 2 *Vesey*, 135. *Dickens*, 469. 2 *Cox*, 368. 2 *Madd.* 230.

*3 Vesey*, 255. 1 *Harr. Ch. Pr.* 395. 7 *Vesey*, 245. 1
*Vern.* 203, 204.

1823.

HOLMES
v.
REMSEN.

THE CHANCELLOR. One material ground of complaint
is, that after argument and judgment in the Supreme
Court, upon a case made and settled a year preceding the
argument, that Court refused to permit the case to be
amended, and to order a second argument. The plaintiffs
insist, that the case omitted to contain, by mistake,
a material fact; and they applied to the Court, by motion,
for leave to have the case corrected. The motion was
opposed, argued, considered, and denied, with costs; and
this Court is now called on to decree that the defendants,
who are executors of *Clason*, permit the case to be amend-
ed, and re-argued at law. To this part of the bill the de-
fendants have demurred; and it strikes me as one of the
most extraordinary instances that ever has occurred of
an attempt to employ the powers of this Court to review
and control the practice of a Court of law. There is no
matter stated, as a foundation of equity, for this Court to
give relief in relation to the suit at law, but what was
properly cognizable by the Supreme Court, and upon
which the plaintiffs have had the benefit of an appli-
cation to that Court, and upon which that Court has ex-
ercised its judgment. It would be extremely unfit and
irregular for this Court to assume the review and cogni-
zance of such a question, properly addressed to the sound
discretion of the Supreme Court; and it must be pre-
sumed, that the decision was according to the course and
practice of that Court. There would be no bounds to
such an interference, if the precedent was once established;
and it would lead to disorder and confusion. Equity
never does interfere to compel a re-examination in a Court
of law, of a point already discussed and decided, and
over which the Court had full jurisdiction. The principles
and authorities contained in the case of *Simpson* v. *Hart*,

1823.

HOLMES
v.
REMSEN.

(1 *Johns. Ch. Rep.* 91.) apply with entire force to the present bill; and though the decree in that case was reversed in the Court of Errors, yet the doctrine of the case was admitted, and a majority of that Court differed from me only in the application of acknowledged principles to that particular case. It is impossible to admit, upon any sound principle, or to bring within the reach of any adjudged cases, the authority of this Court to require the amendment of a settled case in the Supreme Court, after such case had been argued and judgment rendered, and after the Court had refused to permit the amendment. It would be interfering with the ordinary proceedings, and practice, and discretion, of that Court; and to require that the parties should go to a second argument in that Court, after judgment, and after that Court had refused to hear a second argument, would be monstrous.

I shall, therefore, allow the demurrer, and allow the defendants their costs upon the demurrer, according to the practice declared in *Gregory* v. *Reeve.* (5 *Johns. Ch. Rep.* 232.)

The plea, with its auxiliary answer, ought also to be allowed; for it constitutes a perfect bar to any discovery and relief here upon the subject matter of the bill. The former decree of this Court, dismissing the bill upon the merits between these same parties, and upon the same subject matter, without reservation, is conclusive, until reversed. This is a very clear and well settled rule. It stands in no need of illustration by authority and argument. All fraudulent collusion asserted in the bill, is denied in the answer supporting the plea. The usual course, when the plea is allowed upon argument, and consists of matter *in pais*, is to permit the plaintiff to take issue upon it, if he thinks it not true in point of fact; and if it be admitted, or found to be true in fact, the suit is barred, and at an end, so far as the plea extends. But that course cannot be re-

quisite in this case, as to the plea; for the bill itself admits the decree, and the suit in which it was rendered, and the plea was founded on matter of record, verified by the Master's report. The suit was set forth in the plea more at large, and *in extenso;* but the existence of the suit and decree, as charged in the plea, is sufficiently admitted in the bill, to render any further inquiry into the truth of the plea unnecessary.

I shall, accordingly, unless the plaintiffs wish to traverse the matters of fact in the answer, decree, that the bill be dismissed. After the very full discussion of the point in controversy, both in this Court and at law, a further bill upon the pretences set up, has the appearance of obstinate contention, which the plaintiffs were not required by any of the duties of their trust to indulge. If the former decree of this Court, or the judgment at law, were deemed to be erroneous, the plaintiffs should have pursued their ordinary remedy by appeal or writ of error, and not have sought a re-litigation before the same tribunal. I shall dismiss the bill, with costs, unless the plaintiffs' counsel should think it material to reply to the answer accompanying the plea, as to the questions of fact. If they should wish to traverse the answer, I am unwilling to deprive them of the opportunity, and shall, therefore, add, that the bill be dismissed, with costs, unless the plaintiffs shall, within twenty days, take issue in fact upon the answer, and file a replication for that purpose.

Decree accordingly.