## DEXTER vs. CLARK.

Where, on the trial, the court dismisses the complaint, instead of ordering a positive judgment for the defendant, after deliberation, on the merits, the judgment of dismissal is no bar to a second action for the same cause.

The marine court of the city of New York has authority to dismiss a complaint, in the same manner and to the like effect as all courts of record could grant a nonsuit under the old system.

THIS action was to recover rent claimed to be due from the defendant to the plaintiff. The answer of the defendant consisted of, first, a general denial, and second, a plea of a former adjudication in the same action in the marine court of the city of New York. The cause was tried on the 27th of October, 1860, before Judge ALLEN and a jury. The court directed the jury that the former action in the marine court was a bar to the present one, and that as a matter of law they should find a verdict for the defendant, which was found accordingly. To this ruling, and to the exclusion of certain testimony, the plaintiff excepted. The cause now came up on appeal from the judgment, also from an order made at special term, denying a motion for a new trial.

*R. H. Underhill*, for the appellant.

——— ———, for the respondent.

CLERKE, P. J. In *Coit* v. *Beard*, (33 *Barb.* 357,) the supreme court in this district expressly decided that where a judge orders that a complaint shall be dismissed, either before or after evidence is given, on both sides, a judgment entered on such a decision is no bar to a second action for the same cause. In the case before us we think it appears, both by the record introduced at the trial and by the evidence of Judge Thompson, that his decision in the action in the marine court was a dismissal of the complaint, instead of a positive judgment for the defendants, after deliberation, on the merits.

The marine court has authority to dismiss a complaint, in the same manner and to the like effect as all courts of record could grant a nonsuit under the old system.

The judgment should be reversed, and a new trial ordered; costs to abide the event.

LEONARD, J.    I concur in the above opinion.    I had some doubt, at the hearing, whether the effect of the judgment of the marine court, dismissing the complaint, was not the same as if it had occurred in a justice's court.    (3 *Hill*, 237.)    I am satisfied, however, on examination, that it has the same effect as a like judgment in a court of record, and is not a bar to a new action.

INGRAHAM, J. concurred.

New trial granted.

[NEW YORK GENERAL TERM, September 16, 1861.    *Clerke, Ingraham* and *Leonard*, Justices.]