### R. A. LOCKETT, APPELLANT, *v.* L. B. LINDSAY ET AL., RESPONDENTS.

JUDGMENT—ESTOPPEL.—A judgment on demurrer to a bill in chancery, that the bill is bad in substance, or does not state facts sufficient to constitute a cause of action, can not be pleaded in bar to a good bill for the same cause of action. Such judgment is, in no sense, a judgment on the merits.

APPEAL from the district court, second judicial district, Ada county.

*H. E. Prickett,* for the appellant.

*Rosborough & Preston and J. R. McBride,* for the respondents.

Opinion by NOGGLE, C. J.; LEWIS, J., concurring specially. KELLY, J., also concurred.

The plaintiff in this action alleges that one B. A. Lucy was the owner and in the possession of lot number one, in block number ten, in Boise city, Ada county, Idaho territory. That on the twenty-first day of April, 1868, the said B. A. Lucy, and Maggie A., his wife, for a valuable consideration, sold and conveyed said lot by deed to this plaintiff; that said deed was duly acknowledged and recorded, etc., and that the plaintiff has ever since been the owner and in the possession of said premises. That on the second day of January, 1869, the defendant R. H. Lindsay obtained a judgment in the district court of Ada county aforesaid, against the said B. A. Lucy, for the sum of four hundred and ninety-seven dollars and ninety-eight cents. That said judgment was duly docketed, etc., on said second day of January, 1869, and execution issued thereon, directed and delivered to the sheriff of said Ada county.

That the defendant L. B. Lindsay was such sheriff. That by virtue of said judgment, and of the execution issued thereon, the said last-named defendant, as sheriff, levied on the said lot of land, the property of the plaintiff, as the real estate and property of said B. A. Lucy, and on the thirtieth day of January, 1869, the said L. B. Lindsay, as sheriff, sold said lot and premises at public vendue, etc., and that the same was bid off by the defendant R. H. Lindsay, for the sum of five hundred and forty-six dollars, he being the highest bidder. That the defendant L. B. Lindsay, as such sheriff, gave to the defendant and purchaser, R. H. Lindsay, aforesaid, a certificate of sale, and a duplicate of the same was filed by the said sheriff with the recorder of said Ada county, on the thirteenth day of February, 1869.

The plaintiff further alleges that the defendant L. B. Lindsay, as such sheriff, threatens to execute and deliver to said defendant R. H. Lindsay, or to his assigns, a deed and conveyance of said premises at and upon the expiration of six months after the date of such sale. Whereupon the plaintiff demands judgment that said sale and the certificate of sale be set aside, and that said certificate of sale be canceled, and that the defendant R. H. Lindsay be barred, etc., of all right, etc., under said sale, and that the defendant L. B. Lindsay, as sheriff, be perpetually enjoined and restrained from all further proceeding under said sale, etc.

The only issue presented to this court for its determination is a plea in bar of the right of the plaintiff to bring this action. The answer in bar to the facts set up in plaintiff's complaint is as follows: "That on the twelfth day of May, A. D. 1869, in the above-named court and in the above-named county, in an action brought by the above-named plaintiff against the above-named defendants, and for the same cause of action as that set forth in said complaint herein, these defendants duly recovered a final judgment against the said plaintiff, dismissing his complaint, and for the sum of thirty dollars and ninety cents, United States gold coin, as their costs and disbursements, which judgment was duly recovered and given against the said plaintiff upon the merits thereof."

The court below held that this plea was sufficient, and on reading the record in that case gave judgment for the defendant and against the plaintiff, dismissing the plaintiff's complaint with costs against him.

In this case, a motion for a new trial having been made and overruled, the question is now submitted to this court for its decision. The statement for a new trial shows that the plaintiff, previous to the commencement of this action, on the eighth day of April, 1869, filed his complaint in said district court of Ada county, setting forth certain facts constituting his cause of action, and praying the same relief asked for in his said second complaint. To that complaint a demurrer was filed setting forth as a ground of demurrer, "that the complaint did not state facts sufficient to constitute a cause of action." Upon the joinder in demurrer the district court sustained the demurrrer, and the plaintiff took leave to amend; but upon a failure to do so within the time allowed by the court, on the defendants' motion the plaintiff's complaint was dismissed. The defendants now claim that the order or judgment dismissing the plaintiff's complaint of May 12, 1869, is a bar to this action; to sustain this view of the case they cited the following authorities, to wit: 1 Daniell's Ch. Pr. 683, declaring that "a decree or order of the court by which the rights of the parties have been determined or another bill for the same matter dismissed, may be pleaded to a new bill for the same matter." In support of this doctrine the defendants have also referred us to 1 Daniell's Ch. Pr. 799; *Holmes et al.* v. *Remson et al.*, 7 Johns. Ch. 286; *Perrine* v. *Dunn*, 4 Id. 140; Stone Eq. Pl., sec. 456, and to several other cases.

The cases referred to by defendants seem to establish the principle, that the dismissal of a complaint upon the merits, without the direction of the court, shall be without prejudice, etc.; such an order or judgment may be pleaded in bar to a new complaint for the same matter.

In this case the plaintiff and appellant claims and insists that the order or judgment of May 12, 1869, dismissing his complaint in his action then pending, and which order or judgment is now interposed in this case as a bar to his

right to recover in this action, is not an order or judgment dismissing his said complaint upon the merits, for the reasons that in that case the district court sustained a demurrer to the complaint, and in doing so the court decided that the complaint was so defective that it did not state facts sufficient to constitute a cause of action, and because it was so defective the said district court decided that it was bad, and sustained a general demurrer to the same, and the plaintiff failing to amend his complaint, it was for that reason dismissed, and for no other reason. The appellant further claims that the complaint in the action before the court is a good complaint for the same cause of action and between the same parties; that the decision of the district court in sustaining the demurrer and dismissing the complaint on the twelfth of May, 1869, was not a decision upon the merits, and is therefore no bar to the action before the court. In support of the plaintiff's positions, we are referred to the following authorities: *Gillman* v. *Rives*, 10 Pet. 298; *Robinson* v. *Howard*, 5 Cal. 528; *Dexter* v. *Clark*, 35 Barb. 271; 1 Stark. 194, 199; 2 Pars. on Cont. 234; 3 Greenl. Ev., sec. 35; Chit. on Cont. 786; 1 Greenl. Ev., sec. 528–534. In *Gillman* v. *Rives*, 10 Pet. 302, the court, in effect, declares, that in sustaining the demurrer to the complaint in the former action and in dismissing the complaint, the district court decided that the complaint did not state facts sufficient to constitute a cause of action, and that the district court, upon the trial of the cause before the court, could not properly review that decision or look into the complaint thus held to be bad, for the purpose of determining differently, in order to hold the order or judgment in that case a bar to the plaintiff's right to recover in the case before the court.

After carefully examining and considering the authorities in this case referred to by the appellant and the respondent, together with such others as are within our reach, this court is of the opinion that a judgment sustaining a demurrer to a complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action, is in no just sense a judgment upon the merits so as to constitute an order or

judgment dismissing such complaint a bar to a good complaint for the same cause of action.

There is nothing in the record offered in bar of the plaintiff's right to recover, showing that the court in that case made any decision upon the merits, as stated in the complaint in this case. There is no doubt that a plea in bar must be *ad idem*, "to the same," or "to the like intent;" and it is no good reason for holding that because the plaintiff fails in a former case upon a defective complaint, when he has made a new case in which he has a good complaint and has supplied the defects that were found in the case that failed, still he shall not be allowed to proceed.

This court is of the opinion that the district court erred in holding that the decision of that court of May 12, 1869, sustaining the defendants' demurrer and dismissing the plaintiff's complaint, was a bar to the action pending before that court at the November term, 1869. (Gould's Pleadings, 4th ed., ch. 9, secs. 42, 46.)

The judgment of the district court is therefore reversed, and this cause is hereby remanded to said district court, with direction to proceed therein in accordance with this opinion.

LEWIS, J., concurring:

The question presented for our decision in this case, is this, whether a judgment, that a bill in chancery is bad in substance, can be pleaded in bar to a good bill for the same cause of action. The district court held that the first bill filed was bad, in this, that the bill did not state facts sufficient to constitute a cause of action. Whether the bill was good or bad, is a question we can not consider. The district court adjudged it bad—which judgment is in full force. This court is bound by that judgment, as no appeal has been taken therefrom.

I am of opinion that the new bill filed is good; and if the facts stated are true, the plaintiff is entitled to the relief prayed; and for the purposes of this case, in this court, these points may be conceded. In the case of *Gillman* v. *Rives*, 10 Pet. 298, the very point is decided as to an action

of law, to wit: that a judgment on general demurrer, that the declaration is bad in substance, can never be pleaded in bar to a good declaration for the same cause of action, for the reason that it is in no sense a judgment upon the merits. The same doctrine is very strongly laid down in Gould's Pleadings, chap. 9, secs. 42–47; and see sec: 45, where the rule is thus stated: "If the plaintiff fails in his first action, from the omission of an essential allegation in his declaration, which allegation is supplied in the second, the judgment is no bar to the second, although both actions were brought to enforce the same right."

These authorities settle the question as to an action of law: In *Perine* v. *Dunn*, 4 Johns. Ch. 140, the rule is thus laid down: "A bill regularly dismissed upon the merits, without any direction that it be without prejudice, may be pleaded in bar of a new bill for the same matter." The same point is decided in *Holmes* v. *Remsen*, 7 Johns. Ch. 286. Was the bill in this case dismissed upon the merits? Bouvier says, that a defense upon the merits is one that rests upon the justice of the cause, and not upon technical grounds.

The supreme court of California, whose decisions are of much weight in this territory from the fact that our practice act is almost an exact copy of theirs, lays down the rule thus: "A judgment upon demurrer is not always a bar to a subsequent action, but only when it determines the whole merits of the case." (*Robinson* v. *Howard*, 5 Cal. 428.) I can see no reason for applying any different rule as to the point in question to a bill in chancery, than is applicable to a declaration at law.

The demurrer in the case at bar raised the question whether the complainant had made a case upon the face of his bill, and the court held he had not. He now discloses a good case in his bill. He sets out additional facts.

The merits of the case have not been passed on by the court. I conclude, then, that the judgment of the district court on demurrer is not a good plea in bar to the bill in the case before us. Hence, I concur with this court in holding that the judgment of the court below should be reversed.