**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52333**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 29, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| HAILEY MORGAN WAITE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge.

Order revoking probation and ordering execution of underlying sentence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

_____

PER CURIAM

Hailey Morgan Waite pled guilty to felony violation of a no-contact order, Idaho Code § 18-920. The district court granted Waite a withheld judgment and placed her on probation for a term of five years. Subsequently, Waite admitted to violating the terms of the probation, and the district court revoked the withheld judgment and imposed a unified sentence of five years, with a minimum period of incarceration of one year, suspended the sentence, and placed Waite back on probation. Waite again admitted to violating the terms of the probation and the district court consequently revoked probation and ordered execution of the suspended sentence. Waite appeals, contending the district court abused its discretion by revoking probation.

1

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Waite's sentence. Therefore, the order revoking probation and directing execution of Waite's previously suspended sentence is affirmed.