**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52656**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>CHRISTOPHER JAMES PASBORG,<br><br>      Defendant-Appellant. | )<br>)  **Filed: March 3, 2026**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge.

Order revoking probation and directing execution of reduced sentence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

    Christopher James Pasborg pled guilty to driving under the influence, Idaho Code §§ 18-8004, -8005(9), and domestic battery in the presence of a child (misdemeanor), I.C. §§ 18-918(3)(b), -903(a), 9-18(4). In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified term of ten years with three years determinate, suspended the sentence, and placed Pasborg on probation for a period of ten years for the driving under the influence charge and imposed jail time for the misdemeanor.[1] Pasborg was found to have violated the terms of the probation, and the district court revoked and reinstated his probation.

---

[1]    Pasborg's sentence for the misdemeanor is not at issue in this appeal.

1

Subsequently, Pasborg was again found to have violated the terms of the probation, and the district court consequently revoked probation and ordered execution of a reduced unified term of ten years with one and one-half years determinate. Pasborg appeals, contending that the district court abused its discretion in revoking probation and ordering execution of a reduced sentence. Pasborg contends that his probation should have been reinstated or continued.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution

2

of Pasborg's reduced sentence.  Therefore, the order revoking probation and directing execution of Pasborg's reduced sentence is affirmed.