**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51946**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 24, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| AMBER MARIE SLATTEN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Barbara Duggan, District Judge.

Order revoking probation and ordering execution of previously suspended reduced sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

_____

PER CURIAM

Amber Marie Slatten pled guilty to burglary, Idaho Code § 18-1401. In exchange for her guilty plea, additional charges were dismissed. The district court imposed a unified sentence of eight years, with a minimum period of incarceration of four years, suspended the sentence and placed Slatten on a term of probation. Subsequently, Slatten admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence but sua sponte reduced Slatten's sentence to a unified term of six years, with a

1

minimum period of incarceration of three years. Slatten appeals, contending the district court abused its discretion in revoking probation and imposing the reduced sentence.[1]

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Slatten also argues the district court erred in imposing the amended sentence, as it was not necessary or reasonable. Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment.

---

[1] Slatten also filed an Idaho Criminal Rule 35 motion, which was denied. The denial of Slatten's I.C.R. 35 motion is not at issue in this appeal.

*State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Slatten's reduced sentence. Therefore, the order revoking probation and directing execution of Slatten's previously suspended reduced sentence is affirmed.